UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

WILSON GALARZA,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, et al.,

                                        Defendants.

-------------------------------------------------------------------- x

```
┌────────────────────────────────────┐
│ USDC SDNY                           │
│ DOCUMENT                            │
│ ELECTRONICALLY FILED                │
│ DOC #:_____                     │
│ DATE FILED: 12/11/2020              │
└────────────────────────────────────┘
```

**STIPULATION AND
PROPOSED PROTECTIVE
ORDER FOR ATTORNEYS'
EYES ONLY**

19 CV 10898 (LAK) (KHP)

        WHEREAS, plaintiff has sought in discovery certain information which defendants deem to be sensitive and confidential information that is inappropriate for disclosure to plaintiff or the public, and to raise law enforcement concerns as well as privacy and security concerns for the individuals involved; and

        WHEREAS, the Parties have conferred and agreed to the following terms of "Attorneys' Eyes Only" confidentiality pursuant to Paragraph 4 of the Stipulation and Protective Order that was entered by the Court on June 27, 2020, and the Court having found that good cause exists for the issuance of an appropriately tailored "Attorneys' Eyes Only" confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

        ORDERED that the following restrictions and procedures shall apply to "Attorneys' Eyes Only" Information produced by defendants in connection with the pre-trial phase of this action:

1.    Counsel for defendants may designate any document or information, in whole or in part, as "Confidential – Attorneys' Eyes Only" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is sensitive information that is not suitable for disclosure to clients.  Such information shall include defendants' medical records that are subject to the protections of the Health Insurance Portability and Accountability Act (HIPAA), and/or other federal and state laws governing the privacy of medical information, and other, similar documents containing defendants' medical information related to the underlying incident, and photos or likenesses of members of the New York City Police Department derived from depositions that may be recorded by audiovisual means pursuant to Rules 28(a) and 30(b)(3) of the Federal Rules of Civil Procedure, including any and all photographs, negatives, digital camera files, print images, computer-generated likenesses, or visual depictions of any kind related to or derived therefrom. Information and documents that are designated as "Confidential – Attorneys' Eyes Only" shall be stamped or labelled "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.      The "Confidential – Attorneys' Eyes Only" Information disclosed will be held and used by the attorneys receiving such information solely for use in connection with the action and shall not be disclosed to plaintiff or to the public.

3.      In the event that plaintiff's counsel challenges defendants' designation of information as "Confidential – Attorneys' Eyes Only," counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that "Confidential – Attorneys' Eyes Only" Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the "Confidential – Attorneys' Eyes Only" Information.

4.      Information designated as "Confidential – Attorneys' Eyes Only" shall not be disclosed by counsel for plaintiff to any person, except:

      a.      Counsel of the requesting party, including in-house counsel;

      b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      Consultants or experts assisting in the prosecution of the matter, to the extent deemed necessary by counsel; and

      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.      Prior to disclosing or displaying the "Confidential – Attorneys' Eyes Only" Information to any person, counsel must:

      a.      Inform the person of the "Confidential – Attorneys' Eyes Only" nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

      d.      In the case of a deposition, require the individual operating the camera (or, in the case of a virtual deposition, the individual recording the deposition) at each deposition and preparing the videotape of each deposition meet the requirements for a person before whom a deposition may be taken as set forth in Rule 28 of the Federal Rules of Civil Procedure.  A principal of the videotaping or

recording service used by plaintiff shall sign the consent agreement in the form annexed hereto, as well as each individual employee or contractor of the service who operates the camera or recording device or who otherwise has access to the "Confidential Materials – Attorneys' Eyes Only."

6.      The disclosure of a document or information without designating it as "Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as "Confidential – Attorneys' Eyes Only" Information.  If so designated, the document or information shall thenceforth be treated as "Confidential – Attorneys' Eyes Only" Information subject to all the terms of this Stipulation and Order.

7.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing party may specify the minimal level of protection expected in the storage and transfer of its information.  In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach.  Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.      Notwithstanding the designation of information as "Confidential – Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures with respect to filing under seal.

10.     Within 30 days after the termination of this case (and in no event later than 30 days after entry of final judgment no longer subject to further appeal), "Confidential – Attorneys' Eyes Only" Information, including all copies, notes, and other materials containing or referring to information derived

therefrom, shall be promptly returned to defendants' attorneys, or, upon their consent, certified as destroyed, and all persons ho possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

11.     Nothing herein shall preclude the parties from disclosing material designated to be "Confidential – Attorneys' Eyes Only" Information if otherwise required by law or pursuant to a valid subpoena.

12.     Nothing herein shall be construed to limit defendants' use of the "Confidential– Attorneys' Eyes Only" Information in any manner.

13.     Notwithstanding the terms of this agreement, the Stipulation and Protective Order in place in this action that was "So Ordered" by the Court on June 27, 2020, shall remain in full force and effect.

14.     The parties reserve their rights to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown at any time during the course of this litigation.


SO STIPULATED AND AGREED.

Robert T. Perry, Esq.
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
(212) 219-9410
rtperry32@gmail.com

By:   /s/ Robert T. Perry

Kenneth Gilbert, Esq.
Kenneth Gilbert Law
2297 Seventh Avenue, 1st Floor
New York, NY  10030
(212) 234-8494
kenny@kennethgilbertlaw.com

By:   /s/ Kenneth Gilbert

Dated:  December 9, 2020

JAMES E. JOHNSON
Corporation Counsel of the City
of New York
100 Church Street
New York, NY  10007
(212) 356-2355
sscharfs@law.nyc.gov

By:   /s/ Susan P. Scharfstein
      SUSAN P. SCHARFSTEIN

Dated:  December 9, 2020

4

SO ORDERED.

KATHARINE H. PARKER, U.S.M.J.

Dated:       New York, New York
             ___12/11/2020_____

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as "Confidential – Attorneys' Eyes Only" Information."   I have been informed that any such documents or information labeled "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)