UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
WILSON GALARZA,

                       Plaintiff,

        -against-                                 19-cv-10898 (LAK)

THE CITY OF NEW YORK, et al.,

                       Defendants.
------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff, a mentally ill person previously diagnosed with schizophrenia and bipolar disorder, in 2017 attacked and struck his wife, causing her to bleed from the head. She called 911, explained plaintiff's condition and related the essence of what had occurred. Police officers were dispatched but plaintiff was unresponsive to the officers' commands following which plaintiff was tasered resulting, tragically, in partial loss of vision in one eye among other injuries. He then brought this action against the City and six individual police officers. In addition to other claims not now relevant, plaintiff asserts a *Monell* claim against the City, which rests on a *Monell* theory of failure to train, and discrimination claims based on the Americans With Disabilities Act ("ADA") and Rehabilitation Act ("RA").

        The City moves for partial summary judgment dismissing the *Monell*, ADA and RA claims. In a thorough and well considered report and recommendation (the "R&R"), Magistrate Judge Katharine H. Parker recommended that the *Monell* claim be dismissed but that the City's

motion be denied with respect to the ADA and RA claims. Plaintiff objects only to so much of the R&R as recommended dismissal of the *Monell* claim. The City has not objected to the recommended disposition of its motion as to the two other claims.

Plaintiff's objection to the R&R raises no disagreement as to the relevant legal principles. As Judge Parker explained, "the Supreme Court [has] explained that to succeed on a municipal liability claim based on failure to train, a plaintiff must establish that 'city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights,' and thus, 'the city may be deemed deliberately indifferent if the policymakers choose to retain that program.'"[1] In order to establish deliberate indifference, a plaintiff must show that "[i] a policymaker knows to a moral certainty that city employees will confront a particular situation; [ii] the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or there is a history of employees mishandling the situation; and [iii] the wrong choice by the city employee will *frequently cause* the deprivation of a citizen's constitutional rights."[2] Rather, plaintiff's disagreement with the R&R is with its conclusions that plaintiff failed to raise a genuine issue of material fact as to both that (1) the wrong choice by a city employee in circumstances such as those presented here *frequently* would result in deprivation of a citizen's constitutional rights, and (2) "a particular

---

[1] R&R, at 14 (quoting *Connick v. Thompson,* 563 U.S. 51, 61 (2011)).

[2] *Wray v. City of New York,* 490 F.3d 189, 195-96 (2d Cir. 2007) (emphasis added) (quoting *Walker v. City of New York,* 974 F.2d 293, 297-98 (2d Cir. 1992)) (internal quotation marks omitted).

omission" in the City's training program caused such a violation in this case.³ And of course, a failure to raise a genuine issue of material fact as to *either* of those matters would be fatal to plaintiff's *Monell* claim.

Having carefully reviewed Judge Parker's analysis of both the law and the evidence, this Court finds no error of fact or law. Accordingly, the City's motion for partial summary judgment is granted to the extent that the plaintiff's Section 1983 claim against the City is dismissed. It is denied in all other respects.

SO ORDERED.

Dated:     March 5, 2025

_____
Lewis A. Kaplan
United States District Judge

---

³ R&R, at 18-33.